**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────────

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

         **v.**                               **10-CR-191A**

**RODNEY HILL, et al.,**

                    **Defendants.**
───────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #3.

## PRELIMINARY STATEMENT

The defendant, Pauline Manuel ("Manuel"), along with nineteen others, is charged in a multi-count Superseding Indictment (Dkt. #296) with conspiracy to possess with intent to distribute cocaine and cocaine base (Count 3) and five counts of using a telephone to facilitate possession with intent to distribute and distribution of controlled substances (Counts 55-59).  Presently pending are Manuel's dispositive and non-dispositive motions with respect to the Superseding Indictment.  Dkt. ##355.  What follows is this Court's Decision and Order with respect to defendant Manuel's non-dispositive discovery motions.  This Court's Report, Recommendation and Order with respect to Manuel's motion to dismiss the Superseding Indictment; motion to dismiss

Count 3, motion to dismiss Counts 55-59;  motion to suppress wiretap evidence and motion for a *Franks* hearing was filed on March 16, 2012.  Dkt. #423.

## **FACTS**

Defendant Manuel and twenty-six others were charged in a Criminal Complaint on December 15, 2009 with cocaine-related drug trafficking offenses in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846.  The Criminal Complaint, authorized by the undersigned, was supported by a 281-page affidavit of Federal Bureau of Investigation ("FBI") Special Agent Vanessa Paris alleging, *inter alia*, that six months of court-authorized intercepted telephone communications, controlled purchases, informant information and other evidence established the defendants' long-standing participation in the trafficking of multi-kilogram quantities of cocaine and cocaine base.

Defendant Manuel was among the ten defendants indicted by a Federal Grand Jury on June 29, 2010.  Dkt. #1.  Thereafter, on May 3, 2011, a Federal Grand Jury returned a Superseding Indictment against Manuel and nineteen defendants.  Dkt. #296.  Following her July 7, 2011 arraignment, defendant Manuel continued to be released on bail.  Defendant Manuel filed pretrial motions on November 18, 2011 (Dkt. #355) and the government filed its opposition to Manuel's pretrial motions on December 9, 2011 (Dkt. #376).  Oral argument on defendant Manuel's motions was held on December 14, 2011.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

The defendant seeks the following information with respect to Count 3 of

the Superseding Indictment: the exact date defendant Manuel joined the alleged

conspiracy; the manner in which she joined the conspiracy; the identity of all known but

unnamed co-conspirators; each individual with which defendant Manuel had an

agreement with respect to the conspiratorial goal; whether defendant Manuel's

knowledge of the possession and distribution of the controlled substances is actual or

constructive; exactly how defendant Manuel "knew" of the possession and/or

distribution of cocaine; the specific locations within the Western District of New York in

which defendant Manuel engaged in the conspiracy; the other unnamed locations in

which the conspiracy took place; the precise conduct of defendant Manuel alleged to

establish the conspiracy elements of combination and agreement; the quality of the

cocaine possessed and distributed; the basis for attributing the entire amount of

controlled substances listed in Count 3 to defendant Manuel; specify the overt acts of

defendants intended to be proven at trial; the exact date, time and place these alleged

offenses occurred; exact amount of cocaine and cocaine base involved in the alleged

distribution; the identity of the alleged purchasers including any confidential informant

and/or police officers or others acting on behalf of the government.  Dkt. #355, pp.6-7.

With respect to Counts 55-59 of the Superseding Indictment, defendant

Manuel seeks the following information:  the phone company and owner(s) of the phone

used; the exact date, time and place the calls were alleged to be made; the name and

owner of the phone; and the name of any individual present when the phone was used

and whether the individual was a government employee, agent or informant; as well as

information concerning the conspiracy.  *Id*. at pp.8-9.

In its response to defendant Manuel's request for particularization of the

conspiracy charge, the government asserts that what the defendant seeks is a bill of

particulars regarding the development of and the defendant's involvement throughout

the conspiracy.  In addition, the government asserts that it should not be required to

furnish particulars relating to the formation of a conspiracy, including when and how it

was formed and when a particular defendant joined, because such details need not be

proven at trial.  Finally, the government states,

> [b]ecause the defendant will have full discovery, exculpatory
> and impeachment material, a witness list, exhibit lists,
> including § 3500 materials, well in advance of the trial, he
> [sic] will not be surprised by the evidence against him [sic] or
> be subject to future jeopardy in a way he [sic] might
> otherwise justify ordering any of the particulars that he [sic]
> requests.

Dkt. #376, p.7.  In response to defendant Manuel's request for particularization

concerning Counts 55-59, the government states,

> [w]ith respect to particulars concerning the telephone calls,
> the calls themselves have been provided.  Moreover, all
> calls are described further in a 281 page criminal complaint,
> which criminal complaint provides a great deal of detail as to
> the instant charges and the defendant's conduct
> encompassed by this indictment.  Many of the particulars

> sought by the defendant could be derived simply by reading
> the criminal complaint which preceded this indictment.

*Id.* at p.6.


It has become axiomatic that the function of a bill of particulars is to

apprise a defendant of the essential facts of the crime for which he has been charged.

*United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S.

985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the

Indictment, the 281-page criminal complaint, along with the discovery materials

provided by the government, clearly inform the defendant of the essential facts of the

crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the

"particulars" being sought for that purpose.  Accordingly, defendant's request for a bill of

particulars is denied.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court."  *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).


**Giglio Material**
**Brady Material**

In two separate requests the defendant is seeking the disclosure of *Brady*

and *Giglio* material.  Dkt. #355, pp.10 and 12.  In its response the government states,

> [t]his request is unnecessary, as the government
> acknowledges its affirmative and continuing duty to produce
> exculpatory evidence and evidence the defense might use to
> impeach the government's witnesses. . . . Here, the
> government agrees to provide impeachment material i.e.,
> promises of leniency or immunity agreements with
> government witnesses, plea and/or non-prosecution
> agreements and letters or memorandum of understanding
> regarding such, criminal arrest records of all prosecution
> witnesses, immoral, vicious or criminal acts committed by
> witnesses, prior inconsistent statements, and payments to
> witnesses or family members thereof, and all other promises
> or considerations given by government personnel to
> government witnesses or family members thereof.  Such
> production shall occur according to the schedule set by the
> Court prior to trial and no later than when the government
> produces any Jencks Act material.

Dkt. #376, pp.9-10.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Early Disclosure of *Jencks* Act Material**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #355, pp.10-11.  In its response, the government states,

> [t]o the extent not already provided, the government will disclose witness statements and investigative agency or

police department memoranda of witness interviews no later
than two weeks prior to trial, as is customarily ordered in this
District.  The government declines to provide statements and
the identities of persons interviewed who will not be called
by the government.

Dkt. #376, p.9.

As noted above, with respect to impeachment material that does not rise
to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is
not required to disclose and turn over such statements until after the witness has
completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In
re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has
adopted a policy of turning such materials over to the defendant prior to trial, the
government shall comply with that policy; or in the alternative, produce such materials
in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it
will comply with the trial judge's pretrial order concerning the disclosure of witnesses'
statements, the defendant's request is denied.  Notwithstanding the foregoing, the
government is hereby directed to comply with the Second Circuit Court of Appeals'
holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.
Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials
to the defendant.

**Identity of Informants**

The defendant requests the disclosure of the identity and addresses of any government informants.  Dkt. #355, p.11.  In its response, the government states that such disclosure is unwarranted at this time.  Dkt. #376, p.10.  Relying principally on *Roviaro v. United States*, the government states in its response that the disclosure of the names, addresses and other information pertaining to government informants is unwarranted.  In order for disclosure to be warranted, the informant's testimony must be material to the defense presented and the defendant must make some evidentiary showing demonstrating why the informant's testimony is significant to determining the defendant's guilt or innocence.  *Id*.

In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was

> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*,

522 U.S. 976 (1997).  Absent the defendant stating a basis for requiring the disclosure

of this information or that the testimony of the informant would be of even marginal

value to the defendant's case, the defendant's request is denied without prejudice.


**Discovery**

Under the heading "Discovery," defendant Manuel seeks an Order from

this Court directing the government to disclose documents and information enumerated

in twenty-three separate requests (with numerous sub-parts).  Dkt. #355, pp.12-19.

In its response, the government fails to separately respond to the defendant's individual

requests and states generally,

> Since the date of the indictment, the United States has
> complied, and intends to continue to comply, with the
> requirements of Rule 12 and 16. To that end, the United
> States provided comprehensive voluntary discovery in both
> the Indictment and Superseding Indictment portions of this
> case. On July 26, 2011, in accordance with the Court's
> scheduling order, the Government provided a complete set
> of digitized CDs to each defendant's attorney, which
> included all evidence in the Government's possession to
> which the defendant's [sic] were entitled under Rule 12 and
> Rule 16. Additionally, all physical evidence recovered in
> connection with this investigation is, and has been, available
> for inspection by the defendant's attorney. From a review of
> defendant's motion, it appears to be in large part a
> boilerplate recitation of discoverable items without regard to
> what has already been provided. If, upon careful review of
> said discovery, counsel finds any discrepancies in what the
> Government has stated it provided, counsel is invited to

bring it to the prosecutor's attention and such items will be
provided immediately.

As the government identifies any other evidence which falls
within the scope of Rule 16, it will provide such evidence to
defendants and their counsel. The government will continue
to comply with its continuing duties to disclose set forth in
Rule 16(c). The government herein notifies the defendant
that it may introduce all of this evidence at trial. Expert
disclosures and expert summaries will be provided as expert
witnesses who will testify at trial are identified by the
government.

The government believes it is in full compliance with Rule 12
and Rule 16 discovery. Correspondence previously provided
to all defense counsel, itemizing materials voluntarily
provided, is attached hereto and incorporated by reference
as **Exhibit A.**

Dkt. #376, pp.11-12.


### Statements of Defendant, Uncharged Co-defendants and Co-Conspirators

The defendant seeks the production of "any written, recorded, oral or

observed statement of the defendant (and of any co-defendant or co-conspirator,

whether charged or not) including all notes, summaries, or memoranda concerning

such statements. . . . " Dkt. #355, p.12.  Additionally, the defendant seeks the

production of "any transcript of testimony relating to the criminal action or [sic] pending

against the defendant, given by the defendant, or any agent or employee of the

defendant (or by any codefendant whether charged or not) before any grand jury."  *Id*.

at p.13.  Finally, defendant seeks the production of "any statement by any codefendant

or coconspirator whether or not the prosecutor intends to introduce the same at trial."

*Id*.  In its response, the government states in pertinent part, "[s]ince the date of the

indictment, the United states has complied, and intends to continue to comply with the requirements of Rule 12 and 16.  To that end, the United States has provided comprehensive voluntary discovery in both the Indictment and Superseding Indictment portions of this case."  Dkt. #376, p.11.  Based on the representations made by counsel for the government the defendant's request is denied as moot.

With respect to the defendant's request for statements made by "co-defendant or co-conspirator whether charged or not," the Court notes that the phrase "uncharged co-defendant" is legally incorrect insofar as a co-defendant, as that term suggests, must, in order to be a "co-defendant," be "charged."  For purposes of addressing this request, the Court will treat the request as one for the production of witness statements.  The Court notes that defendant separately requests the early disclosure of *Jencks* Act material.  The Court notes that defendant's request for witness statements, also known as, *Jencks* Act material, is addressed separately above.

### Co-conspirator Statements

The government did not separately respond to defendant Manuel's request for co-conspirator statements.  Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time.  As a result, defendant's request in this regard is denied.  Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Witnesses**

The defendant requests that the government disclose the names and addresses of all witnesses to the events which form the basis for these charges.  Dkt. #355, p.13.  As noted above, the government did not specifically respond to defendant's request.  However, the Court notes that the trial judge, District Judge Arcara, has set a June 14, 2012 trial date and in the Pretrial Order (Dkt. #413) set a May 24, 2012 deadline for the filing of pretrial submissions, including, witness lists. Because the government will be required to disclose its witness list soon and defendant has failed to demonstrate that immediate disclosure of the government's witness list is both material and reasonable, defendant's motion is denied.

**Names of Law Enforcement Personnel**
**Federal Documents**
**Law Enforcement Documents**

In three separate requests, the defendant seeks the names of all law enforcement personnel present when the defendant was taken into custody, when any statement attributed to the defendant was made or recorded and at any search performed in connection with this case.  Dkt. #355, p.13.  In addition, the defendant is seeking copies of all documents, police reports, notes, or memoranda prepared or maintained by police officials containing information relating to this case including, but not limited to: copies of all search and/or arrest warrants and supporting affidavits; tape recordings, dispatcher logs, transcripts or memoranda recording any police communications; any notes by police officials concerning the investigation; "grand jury

referral forms;" "copies of any written manuals, instructions, operational checklists or test guidelines, pertaining to the chemical test used to test the controlled substances;" and, any portion of any police department manual, directive, or policy statement governing police conduct of this investigation. Dkt. #355, pp.15-16.

With respect to the defendant's request seeking the identity of law enforcement present at certain points during the investigation, the Court refers to the discussion above concerning the defendant's request for the revelation of the names and addresses of government witnesses. To the extent that certain of the law enforcement personnel who may have been present for the events listed above and the government does not intend to call any of those individuals as a witness, that request is also denied for the same reasons articulated above denying defendant's request for the identification of the government's witnesses.

With respect to the defendant's request for Federal documents and law enforcement documents, as discussed above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witness statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Tapes, Photographs**

In five separate requests, the defendant seeks copies of all photographs, drawings, video or audio tapes and CDs or other electronic recordings.  Dkt. #355, pp.14-15.  In addition to the foregoing, with respect to photographs and drawings, the defendant specifically requests those used for identification purposes.  As noted above, in its general response, the government stated that it has provided "comprehensive voluntary discovery" and will continue to comply with its discovery obligations.  Based on the representations made by counsel for the government that it believes it is in full compliance with Rule 12 and Rule 16 discovery, defendant's request is denied as moot.

**Physical Evidence**

By this request the defendant seeks, "an itemized description of any property recovered or seized during the investigation of the charges, the person or place from which the property was taken, the person effecting such seizure or receiving

the property, the date or dates the property was seized or recovered, and whether such seizure was pursuant to a warrant ." Dkt. #355, p.16.  In its general response, the government maintains that it has and continues to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure.  Dkt. #376, pp.11-12. Based on the representations made by counsel for the government, the defendant's request is denied as moot.


### Disclosure of Experts

The defendant seeks the disclosure of the name and field of expertise of each person that the government intends to call at trial as an expert witness, including the field and subject matter of the expert's expected testimony, a copy of the resume or *curriculum vitae* of the expert, for each scientific examination or test performed, the name, author, and chapter of any reference manual or authoritative text referred to or relied upon and, the information relating to any other case in which the particular expert may have testified on behalf of the government.  Dkt. #355, pp.16-17.  In its response, the government states, "[e]xpert disclosures and expert summaries will be provided as expert witnesses who will testify at trial are identified by the government." Dkt. #376, p.12.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Defendant's Criminal Record**

By this request, the defendant is seeking a copy of his criminal record. Dkt. #355, p.17.  The Court notes that the defendant makes a separate request pursuant to Rule 404(b) of the Federal Rules of Evidence and that request will be addressed below.  Based on the government's representation that it believes it is in full compliance with Rule 12 and Rule 16 of the Federal Rules of Civil Procedure, defendant's request is denied as moot.

**Scientific Tests and Examinations**

In four separate requests, including numerous sub-requests, the defendant seeks the reports of all physical or mental examinations and scientific tests or experiments relating to this case.  Dkt. #355, pp.18-19.  Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.

**Rule 404(b), 608 and 609 Material**

In his request, the defendant states,

> [p]ursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Pauline Manuel respectfully requests that the government notify her of any evidence that the government contends would be admissible under Rule 404(h) [sic] of the Federal Rules of Evidence.

> Pauline Manuel also requests pretrial disclosure of any
> evidence the government intends to use to impeach
> Defendant's credibility if she should choose to testify.  In the
> event that [sic] government intends to use such evidence,
> the defendant requests a pretrial hearing to determine the
> admissibility of such evidence.

Dkt. #355, p.19.   In its response, the government states that,

> The government will advise of its intent to use "other acts"
> evidence pursuant to Fed.R.Evid. 404(b), or evidence
> pursuant to Fed.R.Evid. 608(b) and 609, at the time it is
> ordered to do so, which, the general custom in this District is
> two to four weeks prior to trial together with Jencks material,
> as ordered by the trial Judge. See F.R.E. 404(b), 608(b),
> 609; see generally United States v. Jencks, 353 U.S. 657
> (1957). It is submitted that any hearings on the admissibility
> of such evidence is a matter for the District Court at the time
> of trial.

Dkt. #376, pp.12-13.

Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added).  Insofar as the government has indicated that it

intends to comply with any pretrial disclosure order entered by the trial judge and

further, that it understands its disclosure obligations, defendant's request is denied as

moot.  The Court notes that the issue of admissibility of such evidence pursuant to

Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination

of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608

does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is

no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.   Therefore, defendant's request in this regard is denied.   With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot.   The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial.

**Joinder**

The defendant seeks to join in any motion filed by any of her co-defendants. Dkt. #355, p.20.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Forfeiture Allegations**

Defendant Manuel seeks to have the forfeiture allegation concerning the sum of $39,670 in the Superseding Indictment held in abeyance to allow counsel for defendant Manuel time to continue his investigation.  In addition, defendant Manuel

also asserts that the forfeiture allegations concerning her husband's interest in 70 Avery

Place, Buffalo, New York, as well as five firearms she claims belong to her

husband should be withdrawn by the government because it "lacks jurisdiction."  Dkt.

#355, pp.20-22.  In its response, the government declines to withdraw the forfeiture

allegations relating to defendant Manuel's husband's property and argues that the

forfeiture allegations are "totally dependent on the verdict at trial" and as a result, the

motion should be denied.  Dkt. #376, p.14.


With respect to defendant Manuel's request concerning the sum of

$39,670, the Court declines to hold these allegations in abeyance because this Court

agrees with the government that those allegations are dependent on the verdict at trial

and that trial is not scheduled to commence for nearly three months.  With respect to

the allegations concerning defendant Manuel's husband's alleged property, defendant

Manuel has not sought relief from this Court and only asked the government to

withdraw the allegations, which the government has declined to do.


**Leave to Submit Further Motions**

By this request, the defendant states, "[d]eponent has made timely efforts

to submit motions addressing Mr. [sic] Pauline Manuel's legal issues; [sic] It may,

however, in the [sic] further be necessary to submit additional motions based on

information and materials thereafter obtained; [sic] Deponent respectfully asks this

Court for permission to submit additional motion [sic] and/or to supplement the

enclosed motion."  Dkt. #355, p.22.  This request is granted provided that any additional

bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #376, pp.14-15. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
            March 23, 2012


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**